# HOWARD COUNTY, MARYLAND ET AL. v. HOWARD RESEARCH AND DEVELOPMENT CORPORATION ET AL.

[No. 345, September Term, 1976.]

*Decided January 4, 1977.*

The cause was argued before MENCHINE, MASON and LISS, JJ.

*Richard Strom*, with whom was *Richard J. Wilkinson* on the brief, for appellants.

*Roger D. Redden* and *Russell T. Baker, Jr.*, with whom were *Piper & Marbury* on the brief, for appellees.

MENCHINE, J., delivered the opinion of the Court.

On August 14, 1975, The Howard Research and Development Corporation and others [1] caused to be recorded among the land records of Howard County a document entitled "Agreement Confirming, Modifying, Amending, Supplementing, Consolidating and Further Modifying Deeds of Trust." A recordation tax in the amount of $191,400.00 was paid at the time of recording.

In order to resolve a dispute concerning the proper amount due as a recordation tax under the provisions of Maryland Code Article 81, § 277, the grantors, joined by another [2] (collectively to be referred to herein as H.R.D.) filed an amended bill of complaint against the Clerk of the Circuit Court for Howard County (Clerk).

The amended bill, filed in the Circuit Court for Howard County, sought a declaratory decree determining that the sum paid at the time of recordation — $191,400.00 — was the correct recordation tax due and payable. By stipulation, Howard County, Maryland was permitted to intervene as a party defendant (County).

The chancellor passed a decree declaring, among other things: [3]

> "That the sum of $191,400.00 which was paid by
> the Petitioners on August 14, 1975 to the Clerk of

---

1. The parties executing the document were: The Howard Research and Development Corporation, Columbia Industrial Development Corporation, 95-32 Corporation, 95-216 Corporation, Premble, Inc., Columbia Mall, Inc., Oakland Ridge Industrial Development Corporation, and The Columbia Development Corporation, as Grantors, and Maryland National Bank, as Trustee.

2. Pioneer National Title Insurance Company, a corporation that had issued a mortgagee's title insurance policy insuring the validity of the document.

3. The decree also included an order permanently enjoining the Clerk of Court from removing or attempting to remove the document from the land records of Howard County. No appeal was taken from that part of the decree.

the Circuit Court of Howard County, as being the amount of recordation tax due on the aforesaid instrument recorded among the Land Records of Howard County in Liber C.M.P. No. 732, folio 506 is the legally correct amount of tax due under the provisions of Section 277, Article 81 of the Annotated Code of Maryland and no additional tax is due or owing with respect to the recordation of said instrument."

County and Clerk have appealed, contending that the recordation tax should have been calculated on the total indebtedness secured by the subject instrument ($125,162,689.00), requiring a tax payment of $546,272.00.

H.R.D. contends that, by reason of the provisions of subsections (h) and (k) of § 277, the recordation tax properly was to be calculated only upon the *increased amount of indebtedness secured by the subject instrument* ($43,500,000.00), requiring a tax payment of $191,400.00, the sum paid upon recording the document.

## The Document

H.R.D. on August 14, 1975, had executed a deed of trust conveying certain lands in Howard County to Maryland National Bank, Trustee, in trust as security for the equal and proportionate benefit and security of the holders of certain notes issued by H.R.D.

The deed of trust secured an indebtedness totaling $125,162,689.00. $81,602,689.00 of that sum previously had been secured by five previously recorded deeds of trust executed by H.R.D.[4] The subject deed of trust also secured,

---

4. The five deeds of trust and the balances of outstanding indebtedness thereon at the time of execution of the subject deed of trust were as follows:

| | |
|---|---|
| 1. 1965 New Town Deed of Trust | $ 37,500,000.00 |
| 2. Corridor Deed of Trust | 32,162,689.00 |
| 3. 1974 New Town Deed of Trust | 5,000,000.00 |
| 4. January, 1975 New Town Deed of Trust | 4,000,000.00 |
| 5. June, 1975 New Town Deed of Trust | 3,000,000.00 |
| Total indebtedness outstanding under the five deeds of trust at time of execution of subject trust. | $ 81,662,689.00 |

*N.B.* A recordation tax was paid upon the principal obligations of the several prior deeds of trust at the time of their recording.

for the first time, an additional indebtedness of $43,500,000.00, that previously had been the subject of unsecured notes of H.R.D.

The Agreement in substance:

(a) confirmed and preserved the liens of each of the five deeds of trust and the loans secured thereby in order to preserve the priorities of those liens with respect to other creditors;

(b) modified each of those five deeds of trust in order to secure the new notes that were issued in exchange for the notes secured by the respective deeds of trust;

(c) amended the terms of each of the five deeds of trust in order to reflect the extended maturity dates, the decreased interest rates, and the other terms and conditions under which the loans would be repaid;

(d) supplemented each of the five deeds of trust in order to add land to each deed of trust so that each deed of trust would be secured by all of the undeveloped land owned by H.R.D. and its subsidiaries;

(e) consolidated the five deeds of trust, as so confirmed, modified, amended, and supplemented, into one instrument;

(f) modified that one consolidated instrument so that it also secured the $43,500,000.00 of previously unsecured indebtedness;

(g) restated the terms of the five deeds of trust, as confirmed, modified, amended, supplemented, consolidated, and further modified; and

(h) retained as trustee the sole successor trustee under all of the prior deeds of trust.

The document contained, *inter alia*, the following specific provisions:

"[The parties] confirm the lien, legal operation and effect of the Existing Deeds of Trust and the respective grants, conveyances, and assignments made therein by the Grantors to the Trustee, as trustee, its successors as trustee and assigns, under each such Deed of Trust, . . . so that the Existing

Deeds of Trust, as so confirmed, modified, amended, supplemented, consolidated and further modified, shall constitute one first deed of trust (the 'Deed of Trust') that grants, conveys, and assigns the Trust Estate in trust to the Trustee, as trustee, its successors as trustee and assigns, for the equal and proportionate benefit and security of the holders from time to time of all the Notes, subject to the priorities set forth in clauses 'Third' and 'Fourth' of section 4.11 hereof; so that the terms of the Deed of Trust and of this Agreement shall be binding upon and inure to the benefit of the respective parties hereto, their successors and assigns and all holders from time to time of any of the Notes; so that *neither this Agreement nor anything contained herein shall be construed as a substitution or novation of the Grantors' indebtedness to the Purchasers or of the Existing Deeds of Trust, which shall remain in full force and effect,* as confirmed, modified, amended, supplemented, consolidated and further modified, as heretofore provided, . . . ." (Emphasis added.)

### *The Statute*

The pertinent parts of Article 81, § 277 read as follows:

"(a) *Written instruments.* — A tax is hereby imposed upon every instrument of writing conveying title to real or personal property, or creating liens or encumbrances upon real or personal property, offered for record and recorded in this State with the clerks of the circuit courts of the respective counties, or the clerk of the Superior Court of Baltimore City, . . . . The term 'instruments of writing' shall include deeds, mortgages, chattel mortgages, bills of sale, leases, deeds of trust, contracts and agreements, . . . .

\* \* \*

"(h) *Supplemental instruments securing debt.* — No tax shall be required for the recordation of any

instrument securing a debt that merely confirms, corrects, modifies or supplements an instrument previously recorded, or conveys or pledges property in addition to, or in substitution for the property originally conveyed or pledged, if such supplemental instrument does not increase the amount of the debt secured by the instrument previously recorded.

\* \* \*

"(k) *When total amount of debt to be secured has not been incurred.* — If the total amount of the debt which may become secured by any instrument securing a debt shall not have been incurred at the time such instrument is offered for record, the tax shall be computed solely in the principal amount of the debt then incurred and secured by such instrument. Before any additional debt is incurred which is to be secured by an instrument previously recorded, the debtor shall file with the clerks of the courts with which such instrument has been recorded a duly verified statement showing the amount of such additional debt and shall pay the tax with respect thereto upon, but only upon, the amount of such additional debt so secured which has been incurred after May 31, 1937, and with respect to which such tax shall not theretofore have been paid, less the principal amount of any debt then outstanding and secured by such instrument which is to be paid or refunded out of the proceeds of such additional debt."

### The Decision

We find *Hammond v. Phila. Elec. Pwr. Co.,* 192 Md. 179, 63 A. 2d 759 (1949), to be dispositive of the subject dispute. In *Hammond,* the Power Company in 1946 issued what it called a supplemental indenture authorizing the issuance of $30,000,000.00 worth of 2⅝% bonds to redeem outstanding 5½% bonds in the same amount that had been issued in

conjunction with a mortgage that had been executed in 1926. The Court of Appeals, after discussion of decisions in other jurisdictions that had turned upon the issue whether the particular document was a "new" or a "supplemental" instrument, said at 189-90 [764]:

> "The debt, therefore, is the important factor. In the case before us the debt is the same, at least to the extent of the unpaid bonds outstanding under the mortgage of February 1, 1926. The creditors are not the same, but the trustee representing them is. The old mortgage is not extinguished, and its lien is preserved. The words at the end of Sec. 220 (sub-section (k)), in our opinion, contemplate an exemption from the tax for any debt by an original mortgage which is to be refunded. . . . we cannot see how the appellees can be compelled to pay the recordation tax in the face of our statutory provision. Refunding cannot be accomplished through the same instrument which creates the original debt without some additional agreement, and to suppose that the legislature intended to exempt only such refunding as can be done through the original mortgage alone is to convict it of enacting an absurdity. If the refunding is accomplished without the need of the original mortgage, then the new instrument is not supplemental, but original, and the tax must be paid. But if the lien of the old instrument is retained, only the evidence of the same debt is changed, if the new instrument cannot operate without the retention of the old, then we think the last is supplemental to the first within the meaning of our statute, and is exempted from the tax."

In the subject case, the indebtedness secured by the document in question included $81,662,689.00 in unpaid obligations outstanding under the prior deeds of trust. The creditors are the same. The trustee representing the creditors is the same. The full force and effect of all of the prior deeds of trust remain after the terms of the agreement

take effect. The liens of those prior deeds of trust are preserved.

We are persuaded that the subject document effected a refunding of the original deeds of trust but with retention of the liens of those prior instruments. In such a case, when the modifying document includes a previously unsecured obligation, the recordation tax properly will be calculated only upon that previously untaxed obligation and may not be levied upon the sums so refunded.

Otherwise stated, the recordation tax in the subject case may be levied only upon "the amount of such additional debt [created by the instrument] and [the taxpayer] shall pay the tax with respect thereto upon, but only upon, the amount of such additional debt so secured." Article 81, § 277 (k), *supra*.

We perceive no error.

*Decree affirmed.*
*Costs to be paid by Howard County.*